IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MELVIN LEE DAVIS                                                PLAINTIFF

V.                                                                                   NO. 4:11CV058-M-A

COMMISSIONER CHRISTOPHER EPPS                          DEFENDANT

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate, files this *pro se* complaint pursuant to 42 U.S.C. § 1983.[1] In his complaint, the Plaintiff complains that his property was confiscated when he was transferred from the Bureau of Prisons to the Mississippi Department of Corrections. Further, he argues that the Defendants failed to follow property policy and procedure for confiscating property. The Plaintiff seeking monetary damages for the loss of his property. Documentation submitted with his complaint includes a response by MDOC regarding the confiscated property. The response states "you were asked if you wanted to send [items not allowable] home of which you declined."

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

To the extent Plaintiff seeks redress for loss or deprivation of his property that is "random and unauthorized," the United States Supreme Court has held that such deprivation does not constitute a civil rights violation as long as the state provides a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 541-44, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). It is well

---

[1] The complaint was written on a form titled "Application for a Writ of Habeas Corpus Relief pursuant to 28 U.S.C. § 2241." There is nothing in the complaint that challenges his conviction or incarceration. Despite this prefabricated description, the matter should have been filed as a 1983 complaint.

established that neither the negligent nor intentional deprivations of property violate due process where there is an adequate state tort remedy available. *Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Fifth Circuit has upheld dismissal of countless cases involving prisoners' suits for property deprivation because of the availability of state law remedies. *Myers v. Klevenhage*, 97 F.3d 91, 94-95 (5th Cir. 1996); *Murphy v. J.A. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984).

Mississippi provides post-deprivation remedies for both negligent and intentional conversions of property. *See* Miss. Code Ann. §§ 11-38-1 *et seq*. (claim and delivery); Miss Code Ann. §§ 11-37-101 *et seq*. (replevin); *Masonite Corp. v. Williamson*, 404 So.2d 565, 567 (Miss. 1981) (conversion). It is plaintiff's burden to establish that the post-deprivation remedies are not adequate. *Myers*, 97 F.3d at 94-95.

Here, the Plaintiff has failed to allege, much less prove, that these remedies are not adequate. Moreover, the Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Thus, the Plaintiff's remedy is not found in a Section 1983 action, but in a tort claim under state law. Therefore, he has failed to state a cognizable constitutional claim. Furthermore, "a prison official's failure to follow the prison's own policies, procedures or regulations" does not provide a basis for relief. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006). Accordingly, the Plaintiff has failed to state a claim upon which relief may be granted and the complaint shall be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 10th day of June, 2011.

                                                      **/s/ MICHAEL P. MILLS**
                                                      **CHIEF JUDGE**
                                                      **UNITED STATES DISTRICT COURT**
                                                      **NORTHERN DISTRICT OF MISSISSIPPI**